UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON PERAZA RIVERA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | **Case No. 1:16-cv-00439-EPG**<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his applications for supplemental security income and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 8.)

At the hearing on August 2, 2017, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on August 2, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

The Administrative Law Judge ("ALJ") gave great weight to Raman Verma, M.D., a consulting examiner. AR 17, 323-330. However, the ALJ refused to incorporate limitations into claimant's residual functional capacity found by Dr. Verma regarding: 1) a 15-minute rest period for every hour of standing and walking; 2) periodic alternating of sitting and standing to relieve pain/discomfort; and 3) occasional stooping, kneeling, crouching and crawling. AR 329. As discussed at the August 2, 2017 hearing, the ALJ erred because the reasons offered by the ALJ to reject Dr. Verma's exertional limitations, however, are not specific, legitimate, and supported by substantial evidence.

Additionally, the ALJ erred by discrediting claimant's testimony regarding his limitations resulting from pain. "If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir.1991) (en banc)). The Court explained that, under *Thomas*, it was appropriate for the ALJ to consider prior inconsistent statements about past use of controlled substances as one factor in assessing the claimant's credibility. *See id*. at 959. However, the ALJ must evaluate that one factor in the context of other factors set forth in *Thomas*. In the context of this case, the Court finds that Claimant's past untruthfulness regarding his drug and alcohol use, alone, was an insufficient basis to find that this testimony regarding the extent of his pain and impairment was not credible. Accordingly, the ALJ's findings regarding the claimant's testimony were not sufficiently specific and supported to warrant discrediting the claimant's testimony regarding pain limitations.[1]

On remand, the ALJ shall incorporate the exertional limitations found by Dr. Verma into the claimant's residual functional capacity finding, credit the testimony of the claimant regarding

---

[1] It is noted that the Court is remanding based on the ALJ's failure to incorporate the limitations found by Dr. Verma, who found claimant to be credible and likely incorporated his findings based on both his objective findings and claimant's subjective statements. Therefore, it appears likely that no additional limitations need to be added to the residual functional capacity finding based on the ALJ's error in assessing claimant's credibility.

his pain limitations as true, and consider the claimant's advanced age in determining whether the claimant is disabled. If necessary, the ALJ may hear additional testimony from a vocational expert to reconsider its conclusion at step five.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Robert Kenneth Odom and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **August 2, 2017**  /s/ Eric P. Gross
UNITED STATES MAGISTRATE JUDGE